# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| KENNEDY PASTURE, | ) |
| Plaintiff | ) |
| v. | ) Case No.  7:15-cv-00422-KOB-HGD |
| OFFICER O'BRYANT, et al., | ) |
| Defendants | ) |

## MEMORANDUM OPINION AND ORDER

The magistrate judge filed a report on January 8, 2016, recommending that all claims in this action, *except* the excessive force claim against Officer O'Bryant, be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief can be granted. (Doc. 10).  The magistrate judge further recommended that the excessive force claim against Officer O'Bryant be referred back to him for further proceedings.  The plaintiff filed objections to the report and recommendation on February 10, 2016. (Doc. 13).

In his objections, the plaintiff contends that the court should not dismiss defendants Bailey and Jackson from this action because they failed to protect him from Officer O'Bryant and failed to properly investigate his grievance against

O'Bryant. (Doc. 13). However, as noted in the report and recommendation, the plaintiff did not allege that either Bailey or Jackson were present at the scene or in a position to intervene. On that point, the magistrate judge properly stated the law that supervisory officials cannot be liable for the unconstitutional actions of their subordinates solely on the basis of *respondeat superior* or vicarious liability. *See Cottone v. Jenne*, 326 F.3d 1352 (11th Cir. 2003).

Furthermore, the defendants' failure to investigate the plaintiff's grievances would be insufficient to establish constitutional liability. The Eleventh Circuit has stated plainly that "a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." *Thomas v. Warner*, 237 Fed. Appx. 435, 437-38 (11th Cir. 2007); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."). Likewise, to the extent that the defendants may have violated administrative regulations regarding their response to his grievances, that fact alone would not establish a constitutional violation. *United States v. Caceres*, 440 U.S. 741, 751-52 (1979); *Magluta v. Samples*, 375 F.3d 1269, 1279 n.7 (11th Cir. 2004). Therefore, the court OVERRULES all of the plaintiff's objections.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the plaintiff's objections, the court

ADOPTS the magistrate judge's report and ACCEPTS his recommendations. The court DISMISSES WITHOUT PREJUDICE all of the plaintiff's claims in this action **except the excessive force claim against Officer O'Bryant** pursuant to 28 U.S.C. § 1915A(b)(1). The court **ORDERS** that the excessive force claim against Officer O'Bryant be **REFERRED** back to the magistrate judge for further proceedings.

DONE and ORDERED this 28th day of March, 2016.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE