# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| KENNEDY PASTURE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No.  7:15-cv-00422-KOB-HNJ |
| | ) | |
| OFFICER JOSEPH O'BRYANT, | ) | |
| | ) | |
| Defendant | ) | |

## MEMORANDUM OPINION AND ORDER

The magistrate judge filed a report on March 3, 2017 (doc. 30),

recommending that the court grant the Defendant Officer O'Bryant's motion for

summary judgment (doc. 20). No party has filed any objections.

The court has carefully reviewed and considered *de novo* all the materials in

the court file, including the report and recommendation (doc. 30); Mr. Pasture's

Amended Complaint (doc. 9); Officer O'Bryant's Special Report and affidavit

(docs. 17 & 18); and Mr. Pasture's Reply to the Special Report and affidavit (doc.

25).  The court does not agree with all of the magistrate judge's findings of fact or

his recommendation to grant summary judgment.  For the following reasons, the

court finds that genuine issues of material fact exist regarding whether Officer O'Bryant purposefully and knowingly injured Mr. Pasture with a razor blade.

The court ADOPTS the legal standard for summary judgment as set out by the magistrate judge in his report. Applying that legal standard and taking the facts in the light most favorable to Mr. Pasture, the court disagrees with the magistrate judge's conclusion that no genuine issues of material fact exist in this case. The magistrate judge's statement of the facts seems to accept Officer O'Bryant's versions of events and ignores facts stated by Mr. Pasture regarding comments made by Officer O'Bryant. After careful consideration of the entire record, the court makes the following factual findings in the light most favorable to Mr. Pasture. In doing so, the court notes that even unsubstantiated, self-serving statements create genuine issues of material fact and defeat summary judgment. *See Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013).

When Officer O'Bryant went to search Mr. Pasture's cell A-56 for unaccounted for razor blades, Officer O'Bryant handcuffed Mr. Pasture and asked Officer Wheelus to walk Mr. Pasture to the end of the catwalk near the shower area. When they arrived at the end of the catwalk, Mr. Pasture asked Officer

Wheelus if he could sit down on the ledge of the shower because the floor surrounding the shower was wet. Officer Wheelus allowed Mr. Pasture to do so.[1]

After securing the other inmates in the cell, Officer O'Bryant then walked over to Mr. Pasture and told him to sit on the floor. When Mr. Pasture explained to Officer O'Bryant that Officer Wheelus told him he could sit on the ledge of the shower, Officer O'Bryant became agitated with Mr. Pasture and told him "I'm gonna teach you a lesson."[2] Officer O'Bryant used his left hand and grabbed Mr. Pasture's left arm, then used his right knee to "bump" Mr. Pasture's left knee to force him to the ground. Officer O'Bryant had a razor blade in his left hand when he grabbed Mr. Pasture's left arm and inflicted a 1-inch deep cut on his arm. Mr.

---

[1] The magistrate judge seems to ignore Mr. Pasture's statements regarding Officer Wheelus giving him permission to sit on the shower ledge. Instead, the magistrate judge concluded that Mr. Pasture did not comply with Officer O'Bryant's orders to take knee. Interestingly, the record contains no affidavit from Officer Wheelus indicating whether he gave Mr. Pasture permission to sit on the shower ledge or supporting Officer O'Bryant's version of the facts.

[2] As the magistrate noted in a footnote in the report and recommendation, Mr. Pasture initially indicated in the Amended Complaint and objections to the initial report and recommendation that Officer O'Bryant cut him twice and made this statement before the second cut. (Docs. 9 & 13). The magistrate judge stated that in the response to the summary judgment (doc. 25), Mr. Pasture seemed to abandon the allegation that Officer O'Bryant cut him twice. (Doc. 30 at 6 n.3). However, whether Officer O'Bryant cut Mr. Pasture once or twice, Mr. Pasture has consistently alleged that prior to cutting him, Officer O'Bryant stated he would "show him" or teach Mr. Pasture a lesson and stated after the cutting that "it will be worse next time." Although Mr. Pasture's allegations regarding how many times Officer O'Bryant cut him may affect his credibility at trial, the court cannot ignore Mr. Pasture's allegations that, prior to cutting him, Officer O'Bryant made a statement indicating that he would "show" Mr. Pasture or teach him a lesson.

Pasture yelled in pain and snatched his arm away from Officer O'Bryant, who laughed and said "Believe me, it will be worse the next time."

Mr. Pasture asked to see a doctor and the Sheriff, and Officer O'Bryant yelled at him to "Shut up!" Officer O'Bryant then called for assistance and administered first aid to Mr. Pasture by applying gauze and pressure to the cut. Mr. Pasture was transported to the hospital where he received nine stitches.

From these facts taken in the light most favorable to Mr. Pasture, the court finds that a jury could infer that Officer O'Bryant purposefully and knowingly injured Mr. Pasture with a razor blade. Officer O'Bryant does not deny he had a razor blade in his left hand when he grabbed Mr. Pasture's left arm. He simply states that "I did not realize that I had one of the razor blades in my hand when I placed my hand on his arm." (Doc. 18 at 10). The court is perplexed how Officer O'Bryant could have a razor blade in his hand and not know it; how the razor blade could stay in Officer O'Bryant's hand as he opened it up to grab Mr. Pasture's left arm, without the blade falling to the ground or cutting Officer O'Bryant's hand in some way; and how the razor blade could "accidentally" make a one-inch cut on Mr. Pasture's arm without Officer O'Bryant's knowledge or intent. Likewise, a jury could be equally as "perplexed" and infer from the facts in the light most favorable to Mr. Pasture that Officer O'Bryant was upset with Mr.

Pasture for not sitting on the floor as instructed and cut him with the razor blade to teach him a lesson.

The magistrate judge noted that, "in the face of Officer O'Bryant's unequivocal testimony," Mr. Pasture failed to offer "significantly probative facts" to show his injury was intentional. (Doc. 30 at 9). The court disagrees. The perplexing presence of a razor blade in Officer O'Bryant's hand that somehow managed to inflict a one-inch cut in Mr. Pasture's arm raises significant questions of intent, and the fact that Officer O'Bryant denied that he made any statement regarding teaching Mr. Pasture a lesson or that the injury would be worse next time does not end the inquiry for summary judgment purposes. Mr. Pasture's sworn statement that Officer O'Bryant made those statements creates a genuine issue of material fact from which a jury could infer purpose or intent.

At this stage in the proceedings, the court's job is not to decide who is telling the truth—that role belongs to a jury. The court's role is to decide, based on the facts in the light most favorable to Mr. Pasture, whether genuine issues of material fact exist. If so, the court should let the jury make the necessary credibility determinations. Because the court finds that genuine issues of material fact exist regarding whether Officer O'Bryant purposefully and knowingly injured

Mr. Pasture with a razor blade, the court DENIES Officer O'Bryant's motion for summary judgment (doc. 20).

The court will set this case for pre-trial and trial by a separate order.

DONE and ORDERED this 19th day of September, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE